NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3124

WILLIAM A. COOK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

William A. Cook, of Ogden, Utah, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Sara B. Rearden, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3124

WILLIAM A. COOK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: July 12, 2007

_____

Before MAYER and LOURIE, Circuit Judges and LINARES, District Judge.[*]

PER CURIAM.

     William A. Cook appeals the decision of the Merit Systems Protection Board, dismissing his appeal as untimely filed. Cook v. Off. of Pers. Mgmt., DE-844E-06-0449-I-1 (MSPB Nov. 7, 2006). Because Cook failed to file his appeal within 30 days of receiving the Office of Personnel Management's ("OPM") final decision and he has not demonstrated good cause for his delay, we affirm.

     Under 5 C.F.R. § 1201.22(b), an applicant for disability retirement benefits must file his appeal with the board within 30 days after the effective date of the decision being appealed or within 30 days after the applicant receives the board's decision, whichever

---

[*]     Honorable Jose L. Linares, District Judge, United States District Court for the District of New Jersey, sitting by designation.

is later. Cook does not dispute that he received OPM's decision no later than March 2006. Because he did not file his appeal with the board until August 26, 2006, about four months late, he may proceed only if he can establish good cause for the delay. However, we find no error in the board's conclusion that Cook failed to establish good cause or exercise sufficient diligence in pursuing his appeal. The board properly found that his medical conditions did not impair his ability to timely file. Even if his May 5, 2006, submission to OPM were deemed an improperly-filed board appeal, it was still untimely by about one month, and therefore cannot establish good cause for the delay. Moreover, even if OPM lost his claim file for some period of time and several employees he was in contact with at the agency stopped working there while his claim was pending, Cook does not explain how these facts excuse his failure to timely pursue his appeal with the board, and we cannot infer good cause from them.